DECISION OF DISMISSAL
This matter is before the court on Plaintiff's verbal request to withdraw the appeal, made at the case management conference on November 28, 2011.
Plaintiff filed its appeal on August 29, 2011, requesting waiver of the $1,287.65 penalty assessed as part of Defendant's omitted property assessment adding the value of personal property identified as Account 5645315 to the assessment and tax rolls for tax years 2005-06 through 2010-11. A case management conference was held on November 28, 2011, during which the parties discussed Plaintiff's appeal. Edward Meza (Meza) appeared on behalf of Plaintiff and Amber Bandy (Bandy) appeared on behalf of Defendant.
During the November 28, 2011, conference, Meza confirmed that the sole issue on appeal to the court is the 50 percent penalty. He noted that Plaintiff is a small business with only five employees, founded by his brother in 1998; Meza took over in 2003. Meza stated that he was previously unaware of the requirement to file personal property tax returns and that many fellow business owners indicated ignorance of the requirement as well. Meza reported that he spoke with his certified public accountant who confirmed that personal property tax returns are required in Oregon. Meza stated that, as a result of that conversation, he agrees that Plaintiff owes the tax assessed. He stated that is very burdensome for a small business such as Plaintiff to *Page 2 
pay the additional taxes assessed as well as the 50 percent penalty; Plaintiff will likely be obligated to lay off an employee as a result.
In response, Bandy stated that the 50 percent penalty is required under ORS 308.296 when a taxpayer fails to file a personal property tax return under ORS 308.290.[1] The parties discussed the standard for review of Plaintiff's penalty waiver request under ORS 305.422 and ORS 305.288(5)(b). ORS 305.422 states that, "[i]f a penalty under ORS 308.295 or ORS 308.296 for the failure to timely file a real, combined or personal property return as required by ORS 308.290 is the subject of an appeal to the tax court, the court may waive the liability for all or a portion of the penalty upon a proper showing of good and sufficient cause." ORS 305.288(5)(b) states:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
Meza stated that Plaintiff's failure to file personal property tax returns was based on his lack of knowledge of the filing requirement. He stated that Plaintiff does not meet the requirement of "good and sufficient cause" and declined the opportunity to submit additional written arguments in support of Plaintiff's appeal. Meza verbally withdrew the appeal. After considering the matter, the court finds the case should be dismissed. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of November 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on November 30, 2011. The Court filed and entered this documenton November 30, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1